**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Gary Robert Drake,<br><br>Defendant. | Case No. 20-cr-49 (NEB/KMM)<br><br>**REPORT AND RECOMMENDATION** |

Julie E. Allyn, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Andrew S. Garvis, Koch & Garvis, Lake Calhoun Professional Building, 3109 Hennepin Avenue South, Minneapolis, MN 55408 (for Defendant).

This matter is before the Court on a portion of Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure and for a Hearing Pursuant to *Franks v. Delaware* (ECF No. 26).[1] That portion has been referred to the undersigned for a report and recommendation to the district court, the Honorable Nancy E. Brasel, District Judge of the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. An evidentiary hearing was held before Magistrate Judge Menendez on September 1, 2020. (*See* ECF No. 47.) The parties submitted post-hearing briefs and this motion was taken under advisement on October 26, 2020. (*See* ECF No. 53.) Based

---

[1] The magistrate judge assigned to this case, the Honorable Katherine M. Menendez, Magistrate Judge of the United States District Court for the District of Minnesota, signed the Federal Search Warrant at issue. The undersigned is therefore addressing Defendant's motion insofar as it challenges the "four corners" of the warrant. (*See* Def.'s Memo. at 22-27 (argument sections III and IV), ECF No. 51.) Magistrate Judge Menendez is addressing the other issues raised in this motion. (*See* Tr. of Sept. 1, 2020 Hr'g ("Tr.") at 9:16-10:6 (outlining Magistrate Judge Menendez's referral to the undersigned), ECF No. 50.)

1

upon all the files, records, and proceedings herein, the undersigned recommends that this portion of Defendant's motion to suppress be denied.

## I. BACKGROUND

Defendant Robert Allen Drake has been charged with two counts of access with intent to view child pornography and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a) and 2252(b). (Indictment, ECF No. 1.)

The issues addressed by the Court concern the search of five electronic items: (1) a Gateway Computer; (2) a Hitachi hard drive removed from the Gateway Computer ("Hitachi hard drive"); (3) a Velocity computer; (4) a Seagate hard drive removed from the Velocity computer ("Seagate hard drive"); and (5) a Western Digital external hard drive. These items were searched pursuant to a Federal Search Warrant signed by Magistrate Judge Menendez on January 29, 2019. The Government introduced the Federal Search Warrant into evidence at the motions hearing. (ECF No. 47, Gov't Ex. 4.) At the hearing, Defendant requested a four-corners review of the Federal Search Warrant. (*See* Tr. 7:21-9:15; 10:7-9.) Defendant also noted on the record that, while the affidavit in support of the Federal Search Warrant and an attachment to the affidavit listed the Western Digital external hard drive as an item to be searched, the Federal Search Warrant itself did not. (Tr. 7:21-8:18.)

### A. The Federal Search Warrant

The Federal Search Warrant is captioned "IN THE MATTER OF THE SEARCH OF: ITEMS SEIZED FROM THE RESIDENCE OF GARY ROBERT DRAKE DURING A PROBATION SEARCH, WHICH ARE CURRENTLY IN THE CUSTODY OF THE

FBI." (Gov't Ex. 4 at Search and Seizure Warrant.) The Federal Search Warrant lists the following four items, along with identifying model, serial, and/or markings, as items to be searched: (1) the Gateway computer; (2) the Hitachi hard drive; (3) the Velocity computer; and (4) the Seagate hard drive. (*Id.*)

### B. The Affidavit

The affidavit in support of the Federal Search Warrant was prepared by Special Agent ("SA") Robert J. E. Blackmore of the Federal Bureau of Investigation ("FBI"). (Gov't Ex. 4, Affidavit of Robert J. E. Blackmore ("Blackmore Aff.") ¶ 1.) SA Blackmore has been employed by the FBI for over 18 years and is a member of the Child Exploitation Task Force, where he investigates criminal offenses involving the sexual exploitation of children using computers, computer networks, and the Internet. (*Id.*) SA Blackmore has participated in numerous investigations where he has collected electronic evidence. (*Id.*) He has received specialized FBI training and private vendor training as it relates to investigating computer and computer-related crimes, as well as crimes involving the sexual exploitation of children. (*Id.*)

SA Blackmore's affidavit detailed the investigation resulting in the FBI taking possession of the five electronic devices. (*Id.* ¶¶ 5-20.) On November 27, 2018, Defendant appeared for an office visit with Ramsey County Probation.[2] (*Id.* ¶ 7.) Defendant reviewed an Internet agreement and listed the devices and accounts to which he had access. (*Id.*) Defendant's list comprised of the Velocity computer, a smartphone, a Gmail account, and

---

[2] At the time of this office visit, Defendant was on supervised probation after being convicted in 2007 of second-degree criminal sexual conduct in Dakota County, Minnesota. (*Id.* ¶ 6.)

a Facebook account. (*Id.*) Defendant told Probation Officer Elizabeth Kovacs that he did not use or possess any other electronic devices. (*Id.*) Probation Officer Dave Murray ("PO Murray") conducted a probationary search of Defendant's smartphone.[3] (*Id.* ¶¶ 8-9.) PO Murray used forensic tools to scan Defendant's email account on the smartphone. (*Id.* ¶ 9.) The scan showed that Defendant had accessed two other devices, that he had connected to his email account on those two devices, and that both of those devices had accessed his email account in the previous 10 days. (*Id.*) Probation officers therefore determined that Defendant had not disclosed all electronic devices to which he had access. (*Id.*) During a prior residential visit, probation officers observed a computer in the basement living area, but Defendant had stated that he had never accessed that computer. (*Id.*) Defendant's bedroom is also in the basement of the residence. (*Id.* ¶ 11.) The scan report further showed that the smartphone had been used to conduct Internet searches for minor females in violation of Defendant's probation. (*Id.* ¶ 10.)

The same day, probation officers conducted a search of Defendant's residence. (*Id.* ¶ 11.) While there, they seized the Gateway computer from the basement living area and the Velocity computer from Defendant's basement bedroom. (*Id.*) Both items are listed in the body of the Federal Search Warrant. (*See* Gov't Ex. 4 at Search and Seizure Warrant.) They also seized the Western Digital external hard drive from Defendant's bedroom. (Blackmore Aff. ¶ 11.)

---

[3] As a condition of his probation, Defendant was prohibited from using electronic media with potential access to female child images, and he was required to comply with random searches by probation officers. (*Id.* ¶ 6.)

PO Murray scanned the Velocity computer for images and keywords associated with child pornography and child erotica. (*Id.* ¶ 12.) This scan revealed numerous images and videos of child erotica and child pornography. (*Id.*)

On November 29, 2018, Roseville Police Department Detective Mark Ganley ("Detective Ganley") met with Defendant's probation officers, including PO Murray, and reviewed the images extracted from the Velocity computer. (*Id.* ¶ 13.) Based on his training and experience, Detective Ganley observed what he believed to be numerous images of child pornography.[4] (*Id.*) Detective Ganley interviewed Defendant over the phone on December 18, 2018.[5] (*Id.* ¶ 14.) During this interview, Defendant admitted to viewing and downloading child pornography from numerous websites. (*Id.*) He also admitted using the Western Digital external hard drive to store child pornography, including about 20 videos of child pornography/erotica and over 1,000 images of child pornography and child erotica. (*Id.*)

On December 27, 2018, SA Blackmore met with Detective Ganley and took custody of the electronic items seized from Defendant's residence. (*Id.* ¶ 16.) In his affidavit, SA Blackmore listed all five items seized during the probationary search, including the Western Digital external hard drive, as items to be searched.[6] (*Id.* ¶ 3.) SA Blackmore reviewed the results of PO Murray's scan of the Velocity Computer. (*Id.* ¶ 17.) Based on

---

[4] SA Blackmore outlined that Detective Ganley has investigated dozens of child exploitation cases since 2013; that he is an Internet Crimes Against Children, Ramsey County Task Force Investigator; and that he is certified by the United States Department of Justice, Office of Juvenile Justice and Delinquent Prevention. (*Id.* ¶ 5.)
[5] This telephonic interview was recorded. (*See* Gov't Exs. 6 (audio), 7 (transcript).)
[6] SA Blackmore confirmed that the Hitachi hard drive was removed from the Gateway computer and that the Seagate hard drive was removed from the Velocity computer. (*Id.* ¶ 20.)

5

his training and experience, SA Blackmore observed numerous images he believed to be consistent with child pornography. (*Id.*) At the time SA Blackmore applied for the Federal Search Warrant, all five electronic items previously seized from Defendant's residence were in the custody of the FBI. (*Id.* ¶ 3.)

### C. Affidavit Attachment A

SA Blackmore incorporated Attachment A, entitled "Items to be Searched" (hereinafter "Affidavit Attachment A"), into his affidavit. (*Id.*) Affidavit Attachment A lists and describes the five electronic items seized during the probationary search of Defendant's residence. (Aff. Attach. A.) The list includes the Western Digital external hard drive. (*Id.*) Affidavit Attachment A is different from the Attachment A, entitled "Items to be Seized and Searched" (hereinafter, "Warrant Attachment A"), referenced in the Federal Search Warrant. (*See* Warrant Attachment A.) Warrant Attachment A does not identify the Western Digital external hard drive.

## II. ANALYSIS

Defendant argues that the affidavit submitted by SA Blackmore did not supply the requisite probable cause. Defendant also argues the Federal Search Warrant did not describe the Western Digital external hard drive with sufficient particularity.

### A. The Federal Search Warrant Was Supported by Probable Cause

The Court first turns to the four-corners review of the affidavit in support of the Federal Search Warrant. In addition to requesting a four-corners review during the September 1 hearing, Defendant argues there was no probable cause to search the Gateway

computer or the Western Digital external hard drive because the affidavit does not reference child pornography being found on those items. (Def.'s Memo. at 22-23.)

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The Fourth Amendment requires that search warrants be based on probable cause." *United States v. Tripp*, 370 F. App'x 753, 757 (8th Cir. 2010) (citation omitted). "If an affidavit in support of a search warrant sets forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place, probable cause to issue the warrant has been established." *United States v. Hudspeth*, 525 F.3d 667, 674 (8th Cir. 2008) (quotation omitted); *see also Illinois v. Gates*, 462 U.S. 213, 238 (1983) ("The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [her], . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."). The sufficiency of the affidavit is evaluated using a totality-of-the-circumstances approach. *United States v. Augustine*, 663 F.3d 367, 372 (8th Cir. 2011). "Judges 'may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant.'" *United States v. Daigle*, 947 F.3d 1076, 1081 (8th Cir. 2020) (quoting *United States v. Thompson*, 210 F.3d 855, 860 (8th Cir. 2000)). "Probable cause requires only a showing of fair probability, not hard certainties." *Hudspeth*, 525 F.3d at 676 (citing *Gates*, 426 U.S. at 213).

> When the issuing court relies solely on an affidavit to establish probable cause, only the information found within the four corners of the affidavit may be considered. The affidavit must provide the issuing court with a substantial basis to support a finding of probable cause; wholly conclusory statements that the affiant "has cause to suspect and does believe that" illegal activity is occurring will not do. The affidavit for a search warrant should be examined using a common-sense, non-technical approach.

*Tripp*, 370 F. App'x at 757 (internal quotations and citations omitted). "A reviewing court should afford great deference to the probable cause determination of the issuing judge." *Id.* (citing *Hudspeth*, 525 F.3d at 674).

Based on SA Blackmore's affidavit, the Court concludes there was sufficient probable cause to search all five electronic items listed therein. SA Blackmore described his training and experience in the investigation of crimes involving the sexual exploitation of children and the use of computers in the furtherance of such crimes; provided a complete history of the investigation, including the probationary search of Defendant's cell phone; detailed his review of scans completed on Defendant's Velocity computer; and indicated his determination, based on his training and experience, that there was child pornography stored on that device.[7]

Pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), Defendant has also challenged SA Blackmore's summary of the interview conducted by Detective Ganley. (*See* Def.'s Memo. at 18-21 (citing Blackmore Aff. ¶14).) As discussed, *supra*, Magistrate

---

[7] This Court makes no findings as to whether the probationary search of Defendant's smartphone and residence was permissible, and Magistrate Judge Menendez will issue findings as to those searches in a separate Report and Recommendation. This Court does, however, consider these searches as they relate to the totality of information that Magistrate Judge Menendez considered as part of the "four corners" of the affidavit when she approved the Federal Search Warrant.

Judge Menendez is addressing those arguments, and the Court makes no findings as to the veracity of the statement SA Blackmore made in paragraph 14 of the affidavit. Assuming *arguendo* that Magistrate Judge Menendez found this statement was knowingly and intentionally false or made with reckless disregard for the truth, the Court nevertheless finds that there is still sufficient information provided in the affidavit to support a finding of probable cause to issue the Federal Search Warrant even when omitting the information detailed in paragraph 14.

Taking out the challenged statement, the affidavit describes how three individuals, one of whom was SA Blackmore, observed what each believed to be child pornography on the Velocity computer. (*Id.* ¶¶ 12-13, 17.) The affidavit also describes how Defendant was not wholly forthcoming regarding the electronic devices to which he had access as the probationary search of his smartphone showed he had accessed his email from an electronic device other than his reported smartphone and Velocity computer within the previous 10 days. (*Id.* ¶¶ 7, 9.) The affidavit then went on to describe how, in the later probationary search of Defendant's residence, the Gateway computer previously observed in the basement's living area was seized. (*Id.* ¶ 11.) Additionally, the Western Digital external hard drive was found in Defendant's basement bedroom and also seized. (*Id.*)

In sum, Defendant made misstatements to his probation officers about the electronic items he had accessed, and a probationary search of his residence revealed two additional electronic devices he had easy access to—one located in his basement bedroom and the other in a common area in the basement. Combined with the suspected child pornography found on the Velocity computer, a *reported* device, it was reasonable to infer that

contraband or evidence of a crime would be found on Defendant's other reported devices as well as the Gateway computer and the Western Digital external hard drive, two unreported devices, found in the basement of Defendant's residence. Under the totality of the circumstances, SA Blackmore's affidavit provided a substantial basis for Magistrate Judge Menendez to conclude that there was a fair probability that evidence of a crime would be found on the five devices seized from Defendant's residence.

### B. The Western Digital External Hard Drive Was Not Described with Sufficient Particularity

Defendant next argues that the search of the Western Digital external hard drive was impermissible because the Federal Search Warrant does not expressly identify this item and does not incorporate SA Blackmore's affidavit or Affidavit Attachment A by reference. (Def.'s Memo. at 23-25 (citing *Groh v. Ramirez*, 540 U.S. 551 (2004)).) The Government counters that the Federal Search Warrant described the places to be searched with sufficient particularity based on the affidavit in support of the Federal Search Warrant and the Federal Search Warrant's caption. (Government's Brief in Opposition to Defendant's Motion to Suppress ("Govt's Br.") at 30-31, ECF No. 54.) The Government concedes, however, that the body of the Federal Search Warrant omits the Western Digital external hard drive and that the Federal Search Warrant did not incorporate SA Blackmore's affidavit. (*Id.* at 30; *id.* at 31 n.8 (citing *United States v. Curry*, 911 F.2d 72, 77 (8th Cir. 1990)).)

As stated above, SA Blackmore's affidavit listed the five items seized from the probationary search of Defendant's residence: (1) the Hitachi hard drive; (2) the Gateway computer; (3) the Seagate hard drive; (4) the Velocity computer; and (5) the Western

Digital external hard drive. (Blackmore Aff. ¶ 3.) SA Blackmore referred collectively to these items throughout the affidavit as the "SEIZED ITEMS." (*See generally* Blackmore Aff.) He took control of these seized items in December 2018 and, at the time the Federal Search Warrant was signed, they were in the FBI's custody. (*Id.* ¶¶ 3, 16.) Affidavit Attachment A was specifically incorporated into the affidavit by reference. (*Id.* ¶ 3.) Affidavit Attachment A lists the same five seized items. (Aff. Attach. A.) When applying for the Federal Search Warrant, SA Blackmore asked to search these five seized items. (*See* Blackmore Aff. ¶¶ 21-22.) But while the captions of the Application for the Federal Search Warrant and the Federal Search Warrant refer generically to items seized from Defendant's residence during the probationary search that were in the custody of the FBI, (*see* Gov't Ex. 4 at Application for Search Warrant, Search and Seizure Warrant), the body of the Federal Search Warrant omitted the Western Digital external hard drive and did not incorporate it by reference.[8] (*See id.*)

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "The Warrant Clause's particularity requirement can be satisfied by including the items to be seized in an affidavit or attachment that is adequately referenced in the search warrant." *United States v. Karkalas*, No. 13-cv-273 (SRN/JJK), 2016 WL 2710879, at *4 (D. Minn. Feb. 1,

---

[8] Warrant Attachment A, appended to the Federal Search Warrant, details specific technological components to be searched and seized. (*See* Gov't Ex. 4 at Search and Seizure Warrant Attach. A.) As noted above, it is not the same as Affidavit Attachment A, incorporated into SA Blackmore's affidavit, which lists the five electronic items seized during the probationary search of Defendant's residence. (*See* Blackmore Aff. at ¶ 3, Aff. Attach. A.)

11

2016) (quoting *United States v. Hamilton*, 591 F.3d 1017, 1024 (8th Cir. 2010)), *report and recommendation adopted*, 2016 WL 2342116 (D. Minn. May 3, 2016). There was no such incorporation of SA Blackmore's affidavit or Affidavit Attachment A here. Because there were no "suitable words of reference incorporating the affidavit, such as 'see attached affidavit,'" the Federal Search Warrant did not incorporate by reference the full list of five seized items to be searched. *See Curry*, 911 F.2d at 76-77. Accordingly, the Federal Search Warrant did not describe the Western Digital external hard drive with sufficient particularity as an item to be searched. As explained in the next section, however, the search of the Western Digital external hard drive was permissible under the *Leon* good-faith exception, and thus the fruits of that search should not be suppressed.

### C. The Search of the Electronic Devices Seized from Defendant's Residence Was Permitted Under the *Leon* Good-Faith Exception

Finally, the Court turns to the *Leon* good-faith rule. *See United States v. Leon*, 468 U.S. 897 (1984). First, the sufficiency of the affidavit to support probable cause is not a close call. But even assuming *arguendo* that the affidavit was deficient, the Court concludes that SA Blackmore relied in good faith on the probable-cause determination made by Magistrate Judge Menendez when executing the Federal Search Warrant. Second, *Leon* also applies to the deficiency in the Federal Search Warrant as it relates to the Western Digital external hard drive, and thus the evidence seized from the Western Digital external hard drive should not be suppressed.

### 1. *Leon*

Under *Leon*, the exclusionary rule is not to be "applied to exclude the use of evidence obtained by officers acting in reasonable reliance on a detached and neutral magistrate judge's determination of probable cause in the issuance of a search warrant that is ultimately found to be invalid." *United States v. Taylor*, 119 F.3d 625, 629 (8th Cir. 1997) (citing *Leon*, 468 U.S. at 905). Evidence seized in reliance on a search warrant is not subject to suppression unless:

> (1) the supporting affidavit or testimony includes a false statement made knowingly and intentionally or with reckless disregard for the truth to mislead the issuing judge; (2) the issuing judge wholly abandoned [her] judicial role in issuing the warrant; (3) the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant is so facially deficient that no police officer could reasonably presume the warrant to be valid.

*United States v. Ortiz-Cervantes*, 868 F.3d 695, 702-03 (8th Cir. 2017) (internal quotation marks omitted). "If a warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, an officer's reliance on the warrant cannot have been in good faith." *United States v. Goody*, 377 F.3d 834, 836 (8th Cir. 2004) (quoting *Leon*, 468 U.S. at 923). The Court's inquiry is confined "to the objectively ascertainable question of whether a reasonably well trained officer would have known that the search was illegal despite the issuing judge's authorization." *Hudspeth*, 525 F.3d at 676 (quotation omitted).

### 2. The Hitachi Hard Drive, Gateway Computer, Seagate Hard Drive, and Velocity Computer

As discussed above, the Court has concluded that the Federal Search Warrant was supported by probable cause as it relates to the Hitachi hard drive, the Gateway computer, the Seagate hard drive, and the Velocity computer. The Court does not consider the adequacy of the affidavit as a close decision. Even if the Federal Search Warrant were determined to be deficient in its probable-cause showing, however, it was not flawed to the point where SA Blackmore's reliance on it was entirely unreasonable. Thus, to the extent that the Federal Search Warrant contained any deficiencies as to probable cause as it relates to these four items, such deficiencies do not cause the affidavit to be so lacking in probable cause as to render a belief in the existence of probable cause entirely unreasonable. Likewise, nothing indicates that Magistrate Judge Menendez was anything other than neutral and detached when reviewing the affidavit and issuing the warrant, and, as previously discussed, the Federal Search Warrant set out with particularity these four items to be searched. Finally, as Magistrate Judge Menendez has determined, SA Blackmore did not knowingly or in reckless disregard for the truth include a false statement in his affidavit in support of the Federal Search Warrant. (*See* R. & R. of Magistrate Judge Menendez.) And, there is nothing in this Court's four-corners review to suggest otherwise. Therefore, the good-faith exception would render the exclusionary rule inapplicable in this case as it relates to the Hitachi hard drive, the Gateway computer, the Seagate hard drive, and the Velocity computer.

### 3. The Western Digital External Hard Drive

Of more interest, Defendant argues that *Leon*'s good-faith exception does not apply to the search of the Western Digital external hard drive because the Federal Search Warrant did not authorize its search. (Def.'s Memo. at 25-26.) For the reasons stated above, the Court has concluded that the Western Digital external hard drive was not described with sufficient particularity in the Federal Search Warrant. "[T]he *Leon* exception," however, "is not automatically inapplicable in every case where a warrant is found invalid on the ground that it is insufficiently particular." *Curry*, 911 F.2d at 77; *see also United States v. Thomas*, 263 F.3d 805 (8th Cir. 2001) (holding that an incorrect address in the body of a search warrant is not grounds to suppress evidence seized pursuant to the warrant under *Leon* when the unincorporated affidavit contained the correct address). Relevant factors to consider when determining whether to apply *Leon* in instances of insufficient particularity include, among others:

> whether the warrant was issued by an unbiased judge, whether the officer who requested the warrant was the same officer who executed the warrant, whether there was probable cause for the search, whether the application was attached to the warrant, and whether, in the context of the warrant, the officer had a reasonable belief the warrant was limited to the seizure of more particular items.

*United States v. Bryant*, No. 19-cr-29 (ADM/ECW), 2019 WL 3307393, at *7 (D. Minn. June 7, 2019) (citing *Curry*, 911 F.2d at 78) (additional citation omitted), *report and recommendation adopted*, 2019 WL 3308220 (D. Minn. July 23, 2019).

SA Blackmore requested the warrant and had custody of the Western Digital external hard drive when he applied to search it. The Western Digital external hard drive

15

was on a list in the body of his affidavit as well as on Affidavit Attachment A, which was incorporated into the affidavit.  This was a discrete list of items already seized via a probationary search and already in the custody of the FBI.  Further, as discussed at length, there was probable cause for the search.  Under the circumstances, it cannot be said that the Federal Search Warrant was so facially deficient with respect to the Western Digital external hard drive as to render unreasonable SA Blackmore's belief that it was included among the items authorized to be searched.  Thus, the search of the Western Digital external hard drive was conducted in good faith and the Federal Search Warrant's insufficient particularity with respect to the Western Digital external hard drive is cured by *Leon*.[9]  As such, evidence seized from the Western Digital external hard drive should not be suppressed.

[continued on next page]

---

[9] The Court also finds, as it previously did in its discussion of the other four electronic items searched, that Magistrate Judge Menendez was neutral and detached when reviewing the affidavit and issuing the Federal Search Warrant.  This Court again relies upon Magistrate Judge Menendez's findings regarding the statements made in SA Blackmore's affidavit to conclude, for the sole purpose of this *Leon* analysis, that he did not knowingly or in reckless disregard for the truth include a false statement in his affidavit. (*See* R & R of Magistrate Judge Menendez.)  And again, there is nothing in this Court's four-corners review to suggest otherwise.

### III. RECOMMENDATION

Based upon the foregoing, and all files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the referred portion of Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure and for a Hearing Pursuant to *Franks v. Delaware* (ECF No. 26) be **DENIED**.

Date: November 25, 2020

                                                       *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Drake*
Case No. 20-cr-49 (NEB/KMM)

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.