UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-49 (NEB/KMM)

UNITED STATES OF AMERICA,

           Plaintiff,

v.

GARY ROBERT DRAKE,

           Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS PURSUANT TO RULE 11(c)(1)(C)**

The United States of America and Gary Robert Drake (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

The parties agree that the plea agreement reached pursuant to Rule 11(c)(1)(C) reflects the unique facts and circumstances as to this particular Defendant and the criminal offense at issue. Specifically, the terms and conditions herein are based on consideration of (1) the fifteen months of incarceration in Minnesota Department of Corrections that Defendant has already served arising from the same offense conduct; (2) the advisory Guidelines as applied to Defendant's conduct; (3) Defendant's willingness to

SCANNED
JUL 16 2021
U.S. DISTRICT COURT ST. PAUL

pay restitution to all victims of his offense; and (4) Defendant's willingness to agree to 15 years of supervision.

1. **Charges**. Defendant agrees to enter a plea of guilty to Counts 1 and 2 of the Information, which charge him with Importation or Transportation of Obscene Matters in violation of 18 U.S.C. § 1462. In exchange for the Defendant's guilty plea to the counts in the Information, the government will agree to move to dismiss the counts in the Indictment (Case No. 20-CR-49) against the Defendant at sentencing. In exchange for the Defendant's guilty plea, the government further agrees not to charge him with receipt of child pornography.

2. **Factual Basis**. The parties agree on the following factual basis for the plea. The Defendant agrees that were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

   a. On or around November 27, 2018, the Defendant's probation officer conducted a random search on the Defendant's phone. That search revealed that the Defendant's email account had been accessed by two other computer devices, one of which was not registered with the probation office. After searching the Defendant's home, agents found two computers and took them for forensic evaluation.

   b. The forensic evaluation identified evidence that Defendant had used his computers to access and view child pornography. The files at issue in the Government's case were found either in the recycle bin or as orphaned files (reflecting that Defendant had deleted them.) However, Defendant admits and agrees that he used his computers and the Internet to search for and access child pornography.

2

c. Specific to Counts 1 and 2 of the Information, Defendant agrees that:

   i. On or about May 9, 2018, Defendant knowingly used an interactive computer service, namely, an Internet service transporting materials in interstate and foreign commerce, to receive obscene material, including: an electronic image [redacted file name 1].jpg, depicting a prepubescent girl with her pants down squatting on a toilet and urinating. The image was confirmed to be part of an identified child pornography series known to the National Center for Missing and Exploited Children.

   ii. On or around November 24, 2018, Defendant knowingly used an interactive computer service, namely, an Internet service transporting materials in interstate and foreign commerce, to receive obscene material, including: an electronic image [redacted file name 1].jpg, depicting a naked prepubescent girl lying down with her legs spread exposing her genitalia to the camera. The girl's genitalia is the main focus of the image. The image was confirmed to be part of an identified child pornography series known to the National Center for Missing and Exploited Children.

d. Defendant's probation was revoked on November 27, 2018, and he was placed in custody with the Minnesota Department of Corrections, where he remained until March of 2020 when he was transferred to federal custody.

e. <u>Relevant Conduct</u>: In addition to the image files listed above, the Defendant admits and agrees that at the time his devices were searched, he was in possession of additional child pornography and child erotica. In particular, the Defendant admits and agrees that one of his computers had approximately 90 images of suspected child pornography, and his other computer had images of children that may not meet the federal definition of child pornography. The Defendant also agrees that evidence was found on his devices that he had used search queries for "preteen models," "teen footjob," "asstr forced nudity," "vlad model," "lolita models," and "preteen models," "young naked girls," and "young girls fucking" to access and

obtain other obscene matters, including sexually-explicit images of minor that constitute child pornography.

3. **Waiver of Pretrial Motions**. Defendant understands and agrees he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, Defendant knowingly, willingly, and voluntarily gives up the right to further litigate pre-trial motions and withdraws any motions currently pending before the Court.

4. **Statutory Penalties**. The parties agree that Defendant is subject to the following statutory penalties for violating 18 U.S.C. § 1462:

    a. up to 5 years' imprisonment for the first offense and up to 10 years' imprisonment for each offense thereafter;

    b. a supervised release term of at least three years up to a maximum supervised release term of life;

    c. a fine of up to $250,000 per count;

    d. a mandatory special assessment of $100 per count; and

    e. restitution.

5. **Revocation of Supervised Release**. The Defendant understands that if he violates any condition of supervised release, the Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583(k).

6. **Guideline Calculations**.  The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.    Base Offense Level. The parties agree that the base offense level for transportation of obscene matters is 10, but that where the transportation includes materials involving the sexual exploitation of minors, U.S.S.G. § 2G2.2(a)(1) applies and the base offense level is **18**. (U.S.S.G. §§ 2G3.1(c), 2G2.2(a)(1)).

    b.    Specific Offense Characteristics. The parties agree that the offense level should be increased by **2 levels** because the material involved prepubescent minors (U.S.S.G. § 2G2.2(b)(2)); **4 levels** because the offense involved materials that portray sadistic or masochistic conduct or other depictions of violence (U.S.S.G. § 2G2.2(b)(4)); **2 levels** because the offense involved the use of a computer and an interactive computer service (U.S.S.G. § 2G2.2(b)(6)); and **2 levels** because the offense involved more than 10 but fewer than 150 images (U.S.S.G. § 2G2.2(b)(7)(A)).

    c.    Acceptance of Responsibility. The government agrees to recommend that Defendant receive a **3-level** reduction for acceptance of responsibility and to make any appropriate motions with the Court.  However, the Defendant understands and agrees that this recommendation is conditioned upon the following: (i) the Defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the Defendant cooperates with the Probation Office in the pre-sentence investigation, including disclosure of truthful and accurate financial information to the

5

        Probation Office, and (iii) the Defendant commits no further acts inconsistent with acceptance of responsibility. (U.S.S.G. § 3E1.1(a) and (b)). The parties agree that no other Chapter 3 adjustments apply.

    d.    <u>Criminal History Category</u>. Based on information available at this time, the parties believe that the Defendant's criminal history category is **III**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, he will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. (U.S.S.G. § 4A1.1).

    e.    <u>Guideline Range</u>. If the adjusted offense level is **25**, and the criminal history category is **III**, the Sentencing Guidelines range is **70-87** months of imprisonment.

    f.    <u>Fine Range</u>. If the adjusted offense level is **25**, the fine range is $20,000 to $200,000. (U.S.S.G. § 5E1.2(c)(3)).

    g.    <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least five years and up to a life term if a term of imprisonment of more than one year is imposed. (U.S.S.G. §§ 5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583(k)).

7.    **<u>Rule 11(c)(1)(C) Plea.</u>** This plea is made pursuant to Rule 11(c)(1)(C). The parties agree, based on the facts and circumstances of this case, the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines calculation contained herein, that a term of imprisonment of 105 months is appropriate. The parties also agree that a term of fifteen years'

6

supervision is appropriate. Both parties understand that by accepting the plea agreement, the Court agrees to impose a sentence at the parties' recommended term of imprisonment of 105 months. If the Court declines to accept this plea agreement and the stipulation for the agreed-upon sentence, either party may withdraw from the agreement.

8. **Special Assessment**.  The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which Defendant is convicted. (U.S.S.G. § 5E1.3). The $200 special assessment becomes due and payable at sentencing.

9. **Restitution**. Pursuant to 18 U.S.C. § 3663(a)(3), the Defendant agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by NCMEC even if not specifically identified in Count One of Count Two of the Information. The parties agree that the amount of restitution owed under this paragraph will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim losses. The Defendant understands that the restitution amount for individual victims covered under § 2259(b)(2) shall be no less than $3,000 per individual.

10. **Forfeiture**. Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 1467

   a. any obscene material which was possessed with intention to sell, sold, mailed, imported, transported, produced,

distributed, or transferred in violation of Chapter 71 of Title 18, United States Code;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

The defendant agrees that the following electronic devices were seized from him in connection with this case, and agrees that any devices which were used to commit the offenses charged in Counts 1 and 2 will be subject to forfeiture:

(1) Hitachi 1TB hard drive, serial number HZ12ZKBC;

(2) Seagate 1TB hard drive, serial number Z1D1R8C9;

(3) Velocity Computer Micro desktop computer, serial number 870666;

(4) Western Digital Easystore 1TB hard drive, serial number WXC1A47LNHKA; and

(5) Gateway Windows 7 Computer, Model SX2803UB20P, serial number, 11801997696.

However, Defendant reserves the right to oppose forfeiture of electronic devices which were not used to commit the charged offenses. The parties agree to make reasonable efforts to reach a stipulation on which electronic devices, if any, may be returned to the Defendant or his family prior to sentencing. The United States reserves the right to seek the forfeiture of additional property.

11. **FOIA Request Waiver**. Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

12. **Partial Waiver of Appeal and Collateral Attack**. The Defendant understands that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this Plea Agreement, the Defendant hereby waives his right to appeal his sentence unless the Court imposes a sentence higher than 105 months. The government waives its right to appeal the Defendant's sentence unless it is lower than 105 months. In addition, the Defendant waives the right to collaterally attack his sentence, except for a post-conviction claim of ineffective assistance of counsel. The Defendant has discussed these rights with his attorney. The Defendant understands the rights being waived, and waives these rights knowingly, intelligently, and voluntarily.

13. **Sex Offender Registration.** The Defendant understands that by pleading guilty, the Defendant will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that independent of supervised

release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

14. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the Defendant.

Date: 7-15-21

W. ANDERS FOLK
Acting United States Attorney

*[signature]*
LINDSEY E. MIDDLECAMP
Special Assistant U.S. Attorney

Date: 07/15/21

*[signature]*
GARY ROBERT DRAKE
Defendant

Date: 7/15/21

*[signature]*
ANDREW GARVIS
Counsel for Defendant

10